**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  5:11 CR 476 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| LEAVY A. WELCH, ) | |
| ) | |
| Defendant. ) | |

Before the Court is the 28 U.S.C. § 2255 Petition filed by Petitioner Leavy A. Welch.

(**Doc #: 99.**)  For the reasons explained below and pursuant to Rule 4(b) of the Rules Governing

Section 2255 Proceedings, the Petition is summarily **DISMISSED**.

**I.**

Leavy A. Welch was indicted in federal court on four drug-related charges: distribution

of 53.6 grams of crack cocaine, distribution of 37.8 grams of crack cocaine, possession with

intent to distribute 60 grams of powder cocaine, and maintaining a drug-involved premises.

Before Welch pled guilty, the Court granted his unopposed request for a  pre-plea

Presentence Investigation Report ("PSR").  The PSR revealed that, based on the four counts with

which he was charged, he had a base offense level of 26.  Certain of Welch's numerous prior

convictions, however, qualified him as a "career offender" under U.S.S.G. § 4B1.2.  One

conviction involved two counts of Trafficking in Cocaine, a first-degree felony for which a

prison sentence of 5 years was imposed.  The other conviction involved Attempted Preparation of Drugs for Sale, a fourth-degree felony for which he was sentenced to one year of community control with conditions.  The PSR stated that, under U.S.S.G. § 4B1.2, these two convictions constituted predicate offenses for career-offender purposes.  Since two of the instant offenses were punishable by prison terms up to 40 years, his base offense level became 34 under U.S.S.G. § 4B1.1(b)(2).  The PSR indicated that, under the Guidelines and in consideration of a three-point reduction for acceptance of responsibility, Welch's adjusted offense level was 31.  Furthermore, under U.S.S.G. § 4B1.1(b), his career-offender status automatically placed him in Criminal History Category VI.[1]  The PSR concluded that, with an adjusted offense level of 31, Criminal History Category VI, the applicable advisory Guidelines sentencing range was 188-235 months.

Following the issuance of the PSR and just days before trial, Welch and the Government reached a plea agreement in which Welch pled guilty to all four counts.  While the parties did not agree on a sentencing range, they did agree that Welch's base offense level was 26 unless he was classified as a career offender, in which case they agreed that his base offense level would be 34.  Furthermore, while the parties failed to agree on his criminal history category, they did agree that if he were classified as a career offender, Criminal History Category VI would automatically apply.

Welch's counsel, Attorney Donald Butler, submitted objections to the PSR along with a sentencing memorandum.  Attorney Butler argued that Welch was improperly classified as a

---

[1]Even without career-offender status, Welch would have been in Criminal History Category VI, as he had 18 criminal history points.

career offender because his Ohio conviction for Attempted Preparation of Drugs for Sale did not meet the requirements for a predicate felony.  Attorney Butler also argued that the probation office had improperly assessed Welch's criminal history points, and that Category VI over-represented Welch's criminal history.  He argued that even if the advisory Guidelines range of 188-235 months was correct, Welch merited a downward departure because most of his prior convictions were quite old and unrelated to controlled-substance distribution.   Finally, Attorney Butler asked the Court to sentence Welch to a base offense level of 26, with a three-level reduction for acceptance of responsibility, and to apply Criminal History Category III for an advisory Guidelines sentencing range of 57-71 months.

In its sentencing memorandum, the Government took the position that Welch was in fact properly designated a career offender under U.S.S.G. § 4B1.1(b) because both prior convictions involved controlled substance offenses with elements of distribution, and they were felonies punishable by imprisonment for a term exceeding one year.  The Government observed that Welch focused on his conviction for Attempted Preparation of Drugs for Sale; pointed out  that fourth-degree felonies in Ohio were always punishable by a term of more than one year "although terms under one year are possible;" and quoted Application Note 1 to U.S.S.G. § 4B1.2 which expressly makes clear that a prior felony conviction means an offense punishable by death or imprisonment for a term exceeding one year "regardless of the actual sentence imposed."  That said, the Government conceded that there may be factors supporting a downward variance since, among other things, Welch was a relatively low-level "ounce-type" drug dealer who did not seem to fit the profile the Sentencing Commission envisioned as being a career offender.

At sentencing, the Court indicated that it had reviewed the parties' sentencing memoranda and the record.  The Court asked Attorney Butler if he objected to the points used to calculate his client's criminal history.  Attorney Butler replied that his objection went specifically to the over-representation of his client's criminal history.

The Court began its sentencing calculation at a base offense level of 26 and accepted the Government's recommendation for a 3-level downward departure for acceptance of responsibility which placed Welch at an adjusted offense level of 23.  However, because Welch was a career offender, the Court noted that his base offense level jumped to 34 which, minus the 3-level deduction for acceptance of responsibility, placed him at an adjusted offense level of 31.  The Court identified two separate advisory sentencing guidelines ranges that may be applicable to Welch: a "career-offender range" of 188-235 months, and a "straight-guidelines range" of 92-115 months.  The parties agreed that these were the appropriate possible ranges.

Attorney Butler then argued for a straight-guidelines sentencing range of 92-115 months, pointing out that the career-offender range was unduly harsh given that most of Welch's numerous prior convictions occurred when he was 19 years old and were entirely unrelated to drugs or violence, plus the fact that he spent time in prison for only one of his predicate offenses.  During allocution, Welch apologized to his family for the bad choices he had made, described at length his plan for rehabilitation, and explained his motivation for accomplishing his goals.

The Court expressed its misgivings about the rigidity of the career-offender status, indicating that Welch did not seem to meet the career-offender profile.  Nonetheless, the Court felt bound to consider the career-offender range and give it "some weight."  Accordingly, the Court sentenced Welch at offense level 26 and Criminal History Category VI which yielded a

-4-

sentencing range of 120-150 months, and concluded that a prison sentence of 120 months was appropriate as it was just a touch over the high end of the straight-guidelines range.  Neither counsel objected to this sentence.

On direct appeal, Welch attacked his sentence for numerous reasons, only two of which are relevant to the pending § 2255 Petition.  The Sixth Circuit specifically rejected Welch's argument that his felony conviction for Attempted Preparation of Drugs for Sale did not constitute a predicate offense:

> Nor does Welch contest the fact that, under Ohio law, a fourth-degree felony offense is punishable by a term of imprisonment between six and 18 months, Ohio Rev. Code Ann. § 2929.14(A)(4).  Hence, pursuant to the Guidelines, the conviction qualifies as a predicate felony for career-offender purposes regardless of the actual sentence imposed.  See U.S.S.G. § 4B1.2.  We thus conclude that the district court properly determined that Welch was a career offender.

*U.S. v. Welch*, No. 1204547, 2014 WL 486193, at *4 (6th Cir. Feb. 7, 2014).  The Sixth Circuit continued:

> Welch also argues that the district court erred in calculating his criminal history category, contending that he should have been sentenced at category III, not category VI.  However, an individual who is deemed a career offender is automatically scored as having a criminal history category VI.  U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.")  As a result, even if Welch were correct that the presentence investigation report improperly assessed criminal history points for some of his past offenses, because he is properly classified as a career offender, his criminal history category is automatically VI.

*Id*.  In short, the Sixth Circuit found as a matter of law that Welch was properly classified as a career offender; thus, it was irrelevant whether the probation office or the Court miscalculated his criminal history points.  Welch did not seek *certiorari* to the U.S. Supreme Court.

Rather, on April 1, 2014, Welch filed the instant § 2255 Petition restating his arguments that were rejected on direct appeal, in the guise of ineffective-assistance-of-counsel claims.  In

the first ground for relief, he argues that the undersigned improperly classified him as a career

offender under U.S.S.G. § 4B1.1; his conviction for Attempted Preparation of Drugs for Sale is

not a predicate offense; "his various counsels were constitutionally ineffective for making the

wrong objection to such enhancement, or no objection at all;" and he "was prejudiced by the

Court's application of the career offender enhancement."  (Petition ¶¶ 4-6.)  His second ground

for relief depends entirely on the success of his first ground for relief.  According to Welch,

> 8.     *[B]ecause he is not a career offender*, his criminal history score is relevant.  Here too, counsel provided ineffective assistance of counsel at sentencing, making only some of the proper objections to the United States Probation Office's criminal history computation, and then inexplicably withdrawing them at sentencing.

> 9.     As a result, Petitioner Welch's criminal history score was overvalued, putting him at a criminal history score that exaggerated his guideline range.

> 10.    In that this Court took such criminal history level guideline range into account at sentencing, there is a reasonable probability of a lower sentence had counsel not been ineffective.

(Id. ¶¶ 8-10 (emphasis added).)

## II.

Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a

sentence imposed by a federal district court "upon the ground that the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack, . . ."  *Id.*

At the same time, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires

the judge to whom the motion is assigned to make a preliminary examination of the petition,

records, and transcripts relating to the judgment under attack.

-6-

> If it plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion and direct the clerk to
> notify the moving party.

Id.  As will be shown below, Welch's claims are plainly meritless and subject to summary

dismissal.

### III.

A federal prisoner challenging his sentence cannot use a  § 2255 motion, in the guise of

an ineffective-assistance-of-counsel claim, to re-litigate an issue that was decided against him on

direct appeal absent highly exceptional circumstances such as an intervening change in the law.

*Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Davis v. U.S.*, 417 U.S. 333 (1974).

On direct appeal, Welch argued that his conviction for Attempted Preparation of Drugs

for Sale is not a predicate offense for career-offender purposes because fourth-degree felonies in

Ohio can carry a sentence less than one year as well as more than one year.  However, as the

Sixth Circuit explained, under O.R.C. § 2929.14(A)(4), a fourth-degree felony offense is

punishable by a term of imprisonment between six and 18 months.  *Welch*, 2014 WL 486193, at

*4.  Therefore, quoting Application Note 1 of U.S.S.G. § 4B1.2, that conviction qualifies as a

predicate felony for career-offender purposes "regardless of the actual sentence imposed."  *Id*.

*Welch*, 2014 WL 486193, at *4.  Because Welch lost this argument on the merits on direct

appeal, he cannot now re-litigate that argument under the guise of an ineffective-assistance-of-

counsel claim.  *Jones*, 178 F.3d at 796; *Davis*, 417 U.S. 333.

The record shows that Attorney Butler did in fact argue, in the sentencing memorandum,

that the conviction did not constitute a predicate offense for the same reasons Welch now

contends.  But even if Attorney Butler had not contested the career-offender designation, he

-7-

could not be found constitutionally ineffective for failing to raise a non-meritorious argument.
*See Anaya v. Smith*, No. 3:11 cv 779, 2014 WL 315277, at *25 (N.D. Ohio Jan. 28, 2014) (citing
*Alder v. Burt*, 240 F.Supp.2d 651, 670 (E.D. Mich. 2003) ("Failing to present meritless
objections at trial or meritless claims on appeal is not ineffective assistance of counsel.")

The Court also notes that, not only do the two cases cited by Welch <u>not</u> constitute an
intervening change in the law, they are completely irrelevant.[2]  They are habeas cases brought
by state prisoners, neither one of which addresses the question of whether a fourth-degree drug
felony in Ohio constitutes a predicate offense for career-offender purposes under federal law.

Nor can Attorney Butler be found constitutionally ineffective for failing to object to the
probation department's calculation of Welch's criminal history points at the sentencing hearing
(although he did make the argument in his sentencing memorandum).  As the Sixth Circuit held,
even if Welch were correct that the PSR improperly assessed his criminal history points for some
of his past offenses, he would still be in Criminal History Category VI because his status as a
career offender <u>automatically</u> placed him in that category.  See U.S.S.G. § 4B1.1(b).  Thus,
Welch can not re-litigate this claim in the guise of an ineffective-assistance-of-counsel claim
under § 2255, and Attorney Butler cannot be found constitutionally ineffective for failing to raise
this unsupportable claim at the sentencing hearing.

Finally, Welch's petition completely overlooks the fact that far from being ineffective,
Attorney Butler successfully argued that Welch's career offender status overrepresented his

---

[2]*See Ward v. Jefferys*, 2008 U.S. Dist. LEXIS 114899 (N.D. Ohio 2008) and *Slagle v. Miller*, 2013 U.S. Dist. LEXIS 33996 (S.D. Ohio 2013)

criminal history.  The Court sentenced Welch at offense level 26, which was considerably closer to the straight-guidelines level of 23 than to the career-offender level of 31.

## IV.

For all these reasons, the 28 U.S.C. § 2255 Petition filed by Petitioner Leavy A. Welch (**Doc #: 99**) is summarily **DISMISSED**.

**IT IS SO ORDERED.**


 */s/ Dan A. Polster    April 9, 2014*
**Dan Aaron Polster**
**United States District Judge**